# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| GLENN WHITING, | ) | |
| | ) | Case No. 3:23-cv-221 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| CITY OF ATHENS and STEVE SHERLIN | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER

Before the Court is Defendants City of Athens ("the City") and Steve Sherlin's joint motion for attorney fees (Doc. 37). For the following reasons, the Court will **GRANT** the motion (*id.*).

## I.  BACKGROUND

On March 21, 2023, Plaintiff Glenn Whiting attended the City's monthly public council meeting. (Doc. 1, at 3.) During the public-comment portion of the meeting, Plaintiff addressed the council. (*Id.*) According to Plaintiff's complaint, he spoke about several topics, including "actions that had been promised by three [c]ouncil members prior to their recent election" to "settle all pending litigation by Whiting against the City." (*Id.*) When Plaintiff asserted that many of the promised actions had not been taken and that "the City had refused offers to settle made by Whiting," Defendant Steve Sherlin, the City Mayor, responded that "[t]here's more than one side to the story." (*Id.*)

Shortly after the meeting, Sherlin also uploaded a Facebook post[1] discussing settlement negotiations between Plaintiff and the City. (*Id.*) The post accused Plaintiff of "twisting the truth" about the course of settlement discussions between the parties. (*Id.* at 3–4.) Sherlin's Facebook post stated:

> Both times we were advised that after repeated attempts to settle with Mr. Whiting he rejected terms and sought excessive amounts of money. . . . Time and again we have tried to find a way to settle and yet Mr. Whiting persists by making new lawsuits against the City. . . . We have tried he has denied and continues to twist the truth about whether or not we have made attempts to settle his lawsuits. We can only do what legal Counsel advises us to do and nothing more. . . . Mr. Whiting's change of position on settlement negotiations are baffling to say the least. We have tried. I and the entire council have been completely transparent. We have made many positive changes that Mr. Whitng [sic] has pushed for, yet he is never satisfied, he now turns his displeasure on the new Council and on me, who all have tried to find resolution to these unending demands and lawsuits.[2]

(*Id.* at 4.)

On April 18, 2023, Plaintiff attended another of the City Council's regular public meetings and again discussed ongoing litigation against the City during the meeting. (*Id.*) In response, Sherlin stated that "Whiting had offered to settle [the pending litigation against the City] for $0, then $10,000." (*Id.*) Sherlin also disclosed that "Whiting reneged on [the City's offer to settle] and [instead] demanded $375,000." (*Id.* at 4–5.) But, according to Plaintiff, he "had never offered to settle any lawsuit with the City for $10,000, or any amount near $10,000."

---

[1] Plaintiff generally references "other social media sites" in his complaint. (Doc. 1, at 2 ("Upon information and belief, defendant Sherlin made false statements about the plaintiff to numerous third parties, including posting said statements online on Facebook and other social media sites, with knowledge that said statements were false.").) However, Plaintiff does not provide any further description of any social-media site or publication other than Sherlin's Facebook post.

[2] This excerpt is produced exactly as it appears in Plaintiff's complaint; all ellipses were included in Plaintiff's recitation. (Doc. 1, at 4.) In their motion to dismiss, Defendants advise the Court that "the quotation [] is incomplete and omits roughly half of the comment at issue." (Doc. 14, at 6 n.2.)

(*Id.* at 5.)  Though he admits that "the City did offer to settle one minor public records lawsuit

for costs," an agreement was never reached.  (*Id.*)

On June 22, 2023, Plaintiff filed suit, asserting claims for First Amendment retaliation

and state-law defamation against Sherlin and the City.[3]  (*Id.* at 16–19.)  By that time, Plaintiff

had filed two additional cases, one of which has since been dismissed for failure to state a claim

(*See* Doc. 34 in Case No. 3:23-cv-220) and the other of which was dismissed at the summary-

judgment stage.[4]  (*See* Docs. 1, 211 in Case No. 3:23-cv-2.)  On August 1, 2023, Defendants

jointly moved to dismiss all claims against them in this case.  (Doc. 13.)  The Court granted the

motion and dismissed the case with prejudice, finding that Plaintiff failed to state a claim against

either Defendant.  (Doc. 31.)  Defendants subsequently moved for attorney fees (Doc. 37)

pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Tennessee Code Annotated § 29-20-113.

Plaintiff responded in opposition over two months later and moved to strike a portion of the

request.  (Docs. 39, 40.)  The motions are ripe for review.

## II.      ANALYSIS

### A.      Timeliness

As a preliminary matter, the Court notes that Plaintiff did not timely respond to

Defendants' motions for attorney fees.  The Court entered a memorandum opinion and judgment

order closing this case on November 7, 2023.  (Docs. 31, 32.)  Plaintiff did not file a notice of

appeal or seek an extension by which to file a notice of appeal pursuant to 28 U.S.C. § 2107(c).

---

[3] Plaintiff also brought a "cause of action" for injunctive and declaratory relief.  (Doc. 1, at 19–20.)  Because this is a form of relief rather than a separate cause of action, the Court does not include it in this list.

[4] According to Defendants, Plaintiff has filed nine total lawsuits against the City or City employees since 2020.  (Doc. 14, at 1–2.)  Plaintiff appealed the Court's dismissal of Case No. 3:23-cv-220, and the Sixth Circuit affirmed the Court's decision.  (Doc. 54 in Case No. 3:23-cv-220.)

Defendants timely moved for an award of attorney fees and costs on November 21, 2023. (Docs. 35–38.) Plaintiff did not file a response to the motion until over two months later, on January 31, 2024. (Doc. 39.) This is more than a month and a half beyond the required response deadline. *See* E.D. Tenn. L. R. 7.1(a) (noting that a party has fourteen days to respond to a non-dispositive motion). This significant tardiness allows the Court to disregard Plaintiff's response and award the requested fees. *See* E.D. Tenn. L. R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."); *cf. Schaefer v. Walker Bros. Enterprises*, No. 10 CV 6366, 2015 WL 1959892, at *2 (N.D. Ill. Apr. 29, 2015) (finding that the defendant waived the opportunity to recover costs by filing a bill of costs after the time limit imposed by local rules).

### B.     42 U.S.C. § 1988

Defendants are also entitled to the requested fees on the merits. They first argue fees are due pursuant to 42 U.S.C. § 1988. (Doc. 38, at 2.) The Court agrees.

Pursuant to 42 U.S.C. § 1988, "in any action to enforce a provision of" § 1983, "the court, in its discretion, may allow the prevailing party" a "reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Recovery under this statute is the default for a prevailing § 1983 plaintiff; the United States Supreme Court has directed that a "prevailing plaintiff should ordinarily recover an attorney's fees unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotations and citations omitted). However, a prevailing party can be either a defendant or a plaintiff. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978) (holding that § 1988 authorizes a fee award to a prevailing defendant, who should also be protected "from burdensome litigation having no legal or factual basis"). Under § 1988, "[a] prevailing defendant should only recover upon a

finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994)).

In adjudicating a defendant's request for attorney fees pursuant to 42 U.S.C. § 1988, the Court should determine whether:  (1) the defendant is a "prevailing party"; (2) the plaintiff's action was frivolous, unreasonable, or without foundation; (3) the compensation sought is reasonable, as assessed by the lodestar method; and (4) there are any exceptional considerations requiring an upward or downward adjustment.  *See Hensley*, 461 U.S. at 433–34; *Wolfe*, 412 F.3d 707 at 720.  The lodestar method requires a court to multiply the number of hours reasonably expended by the applicable hourly market rate for legal services to find an objective basis for a lawyer's services.  *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).  There is a strong presumption that the lodestar figure is reasonable, but a court should scrutinize the amount to ensure it does not produce windfalls to attorneys.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995).

Here, Defendants are entitled to attorney fees pursuant to 42 U.S.C. § 1988.  They filed a motion to dismiss all claims, which were brought pursuant to 42 U.S.C. § 1983,[5] for failure to state a claim.  (Doc. 13.)  The Court granted the motion.  (Docs. 31, 32.)  This makes Defendants the "prevailing party" in this suit.  *See Terry v. Tyson Farms, Inc.*, No. 4:08-cv-3, 2008 WL 11417831, at *1 (E.D. Tenn. Nov. 25, 2008) (noting that a defendant is a prevailing party when

---

[5] Plaintiff also brought state-law defamation claims in this action, and 42 U.S.C. § 1988 does not allow for the recovery of attorney fees related to state-law claims.  *Ash v. Bezotte*, No. 10-11875, 2013 WL 4777176, at *3 (E.D. Mich. Sept. 5, 2013) ("Thus, no matter how frivolous, unreasonable or groundless, Defendants cannot recover their attorney's fees related to Plaintiff's state law claims.").  Defendants acknowledge this in their motion for attorney fees and represent that "the fees sought [for the 42 U.S.C. § 1983 claims] would have been necessary regardless of whether the state law claims were included."  (Doc. 38, at 2 n.2).

its motion to dismiss is granted and judgment is entered in its favor).  For reasons discussed below, Plaintiff's action was also frivolous and without foundation.  *See infra* Section II.D.

The fee amount Defendants request is reasonable.  Defendants ask for $21,846.60 in attorney fees, calculated using the lodestar method.  (Doc. 38, at 12.)  In support of the request, attorneys for Defendants claim hourly rates of $229.00, which they attest is "actually below the prevailing rates in the community for complex civil rights litigation."  (*Id.*)  According to their calculations, Counsel Dan R. Pilkington billed 31.9 hours, and Counsel Brian R. Bibb billed 63.5 hours.  (*Id.*)  Defendants do not seek any enhancement to the lodestar amount.  (*Id.*)  Considering the relatively low hourly rate and that litigation of this matter implicated substantial motions practice, service issues, and complex constitutional claims, the Court finds the requested amount of $21,846.60 is eminently reasonable.

Because Defendants prevailed in Plaintiff's frivolous § 1983 action and the fees they request are reasonable, they are entitled to recover that amount pursuant to 42 U.S.C. § 1988.

### C.    Tenn. Code Ann. § 29-20-113

Even if Defendants were not due attorney fees pursuant to 42 U.S.C. § 1988, Defendant Sherlin would be entitled to them under Tennessee Code Annotated § 29-20-113, which authorizes a court to award reasonable attorney fees to Tennessee local government employees under certain circumstances.  (Doc. 38, at 8.)

"Federal Courts must generally apply state law regarding attorney fees to a state law claim pendent to a federal claim."  *Williams v. Shelby Cnty. Sch. Sys.*, No. 217CV02284TLPCGC, 2019 WL 490354, at *7 (W.D. Tenn. Feb. 7, 2019), *aff'd*, No. 19-5238, 2020 WL 1190433 (6th Cir. Mar. 12, 2020) (quoting *Shimman v. Int'l Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1237 n.17 (6th Cir. 1984)).  Here, Plaintiff filed a state-law

defamation claim in addition to his First Amendment retaliation claims against Defendant

Sherlin. (Doc. 1, at 16–19.) The Court will consider how § 29-20-113 applies to Plaintiff's state

law claims against Defendant Sherlin.[6]

To be entitled to attorney fees under Tennessee Code Annotated § 29-20-113, a

Tennessee local government employee must prevail on his individual-capacity claim. Tenn.

Code Ann. § 29-20-113(a). The statute defines "prevailing party" broadly: "a government

employee is deemed a prevailing party . . . so long as he asserts in his answer, at least forty-five

days before the dismissal, that he was not acting in his individual capacity." *Ogle v. Jones*, No.

3:20-cv-293, 2024 WL 2224328, at *3 (E.D. Tenn. May 16, 2024) (citing § 29-20-113(b)(2)).

Thus, the statute imposes three procedural requirements before a government employee

defendant can be characterized as a prevailing party under the statute: (1) the plaintiff's

individual-capacity claim is dismissed; (2) the government employee's answer or responsive

pleading asserts that he was not acting in his individual capacity as to the claims alleged; and (3)

the dismissal occurs at least forty-five days after the government employee filed an answer or

responsive pleading. *Id.*

Defendant Sherlin is entitled to attorney fees pursuant to Tennessee Code Annotated §

29-20-113(a) because all three procedural elements are met. First, Sherlin prevailed. The Court

dismissed all claims against him when it granted Sherlin's motion to dismiss. (Docs. 31–32); *see*

*Aylor v. Carr*, No. M201801836COAR3CV, 2019 WL 2745625, at *4–5 (Tenn. Ct. App. July 1,

2019) (finding that the defendants prevailed for the purposes of § 29-20-113 when the plaintiff's

---

[6] The Court will not address Plaintiff's arguments regarding the constitutionality of § 29-20-113.
As stated in Section II.A, Plaintiff waived his opportunity to oppose Defendant's motion for
attorney's fees. *Cf. Williams*, 2019 WL 490354 at *8 (applying § 29-20-113 to state law claims
and refusing to consider the statute's constitutionality after the plaintiffs waived their opportunity
to challenge the statute on these grounds).

suit was dismissed). Sherlin also meets the second requirement—he warned in his motion to dismiss that he was not properly joined to the action in his individual capacity. (Doc. 14, at 21); *see Aylor*, 2019 WL 2745625 at \*5 (holding that a motion to dismiss is a "responsive pleading" under § 29-20-113(b)(2)). The Court dismissed Plaintiff's claims against Sherlin more than forty-five days after Sherlin filed his motion to dismiss, so the third requirement is also met. Accordingly, Sherlin, as a Tennessee government employee, is entitled to attorney fees and costs pursuant to Tennessee Code Annotated § 29-20-113(a).

### D. 28 U.S.C. § 1927

Finally, even if Defendants could not recover attorney fees pursuant to 42 U.S.C. § 1988 or, for Defendant Sherlin, pursuant to Tennessee Code Annotated § 29-20-113(a), they are entitled to them under 28 U.S.C. § 1927.

28 U.S.C. § 1927 authorizes a district court to award attorney fees as a sanction against a lawyer for "unreasonably and vexatiously" multiplying the proceedings in any case. To award fees pursuant to the statute, the court must find that counsel's conduct "objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Milner v. Biggs,* No. 13–3486, 2014 WL 1910550, at \*3 (6th Cir. May 13, 2014) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir.2006)). An award of fees pursuant to 28 U.S.C. § 1927 requires a showing of "more than negligence or incompetence" but "less than subjective bad faith." *Id.* (quoting *Hall v. Liberty Life Assurance. Co. of Boston*, 595 F.3d 270, 276 (6th Cir. 2010)). An attorney's conduct is sanctionable under the statute "when [he] intentionally abuses the judicial process or knowingly disregards the risk that [his] actions will needlessly multiply proceedings, or when he knows or reasonably should know that a claim pursued is frivolous[.]" *Jones v.*

8

*Hamilton Cnty., Ohio*, No. 23-3002, 2023 WL 7391704, at *3 (6th Cir. Nov. 8, 2023), *cert. denied sub nom. Jones v. McKeague*, 144 S. Ct. 1098 (2024) (internal quotations and citations omitted). The purpose of awarding fees pursuant to this statute is to "deter and punish those who abuse the judicial process." *Dean's Cards*, *LLC v. Perlstein*, No. 1:13-cv-912, 2014 WL 3793575, at *2 (S.D. Ohio July 31, 2014). An attorney subject to sanctions under 28 U.S.C. § 1927 is "required to personally satisfy the excess costs attributable to his misconduct." *Red Carpet,* 465 F.3d at 646. Additionally, "Section 1927 authorizes a court to sanction an attorney from the point in time when the attorney's pursuit of . . . claims became unreasonable and vexatious." *Williams*, 2019 WL 490354 at *4 (quoting *Carter v. Hickory Healthcare Inc.*, No. 5:14CV2691, 2017 WL 1711043, at *2 (N.D. Ohio May 3, 2017) (internal quotations omitted).

Plaintiff's counsel's actions in this case warrant sanctions. As the Court found in its order granting Defendants' motion to dismiss, Defendant Sherlin is immune from liability because of his legislative role. (Doc. 31, at 14–15, 17–20, 25–27.) Plaintiff's counsel undoubtedly knew this. In fact, unlike many cases under § 1927, counsel's own position, reduced to writing, establishes as much. Plaintiff conceded in his response to the motion to dismiss that "all assertions of governmental immunity in the instant case should be granted and acknowledged." (Doc. 19, at 5.) Plaintiff's counsel knew or should have known the claims against Sherlin were frivolous, and his decision to proceed is sanctionable. *See Jones*, 2023 WL 7391704 at *3 (affirming § 1927 sanctions when plaintiff filed suit after the plaintiff's counsel clearly knew of the defendants' immunity).

Plaintiff's federal claim against Defendant City of Athens was similarly frivolous. The statements undergirding his First Amendment retaliation claim against the City were patently *de minimis*; the at-issue comments boil down to disagreement about the course of settlement

negotiations between Plaintiff and the City. (Doc. 31, at 11–12.) Such an inconsequential

squabble is not actionable, and Plaintiff's counsel had reason to know this when filing suit.[7] The

case Plaintiff's counsel cites in his response to Defendants' motion to dismiss provides ample

description of a *de minimis* adverse action in this context. *See* (Doc. 19, at 8); *Wurzelbacher v.*

*Jones-Kelley*, 675 F.3d 580, 583–85 (6th Cir. 2012) (describing "inconsequential" adverse

actions that result in "de minimis injury"). Knowing this yet plunging ahead in litigation

anyway, Plaintiff's counsel unreasonably multiplied proceedings. *See Dubuc v. Green Oak*

*Twp.*, 482 F. App'x 128, 129–30, 134 (6th Cir. 2012) (finding that pursuing a claim without "any

basis in fact" unreasonably multiplied proceedings). Sanctions are warranted.[8] Counsel for

---

[7] Indeed, the Court noted in its opinion granting Defendants' motion to dismiss that requiring a public official "to sit silent" in the face of statements like Whiting's "would transform First Amendment protections into a requirement that a public servant with a difference of opinion on a matter of public interest refrain from expressing that opinion." (Doc. 31, at 10.) It decried such a result: "The First Amendment encourages public debate; it does not set traps for the engaged public official." (*Id.*)

[8] Plaintiff's counsel should be familiar with 28 U.S.C. § 1927 and the behavior it punishes. In 2012, a federal district judge in the United States District Court for the Western District of Tennessee sanctioned him under the same statute. *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, No. 12-2143, 2012 WL 3683492, at *1, *6 (W.D. Tenn. Aug. 24, 2012).

Plaintiff moved to strike Defendants' motion and memorandum in support of the motion for attorney fees. (Doc. 40, at 1.) In the motion to strike, Plaintiff seems to take issue with Defendants' reference to his past misconduct. (*See* Doc. 40.) However, Plaintiff fails to clearly reference *Liberty Legal Foundation* or *Pelley v. Perkinson*, a case in Tennessee state court in which Plaintiff's counsel was sanctioned. No. 2022-cv-298 (McMinn Cnty. Cir. Ct. filed Aug. 18, 2023); (*see* Docs. 38-1, 40). Plaintiff "requests that this Court's order include a statement that the Court reviewed and/or relied upon said State Court order in ruling upon this or any other motion in this matter." (Doc. 40, at 3.) Presumably, this refers to *Pelley*. Plaintiff asserts that it is "impermissible for a trial judge to consider facts outside the record of the case over which he presides." (Doc. 40, at 1.) This is, of course, inaccurate. *See, e.g.*, *Plaintiff v. City of Athens, et al.*, No. 23-6082, 2024 WL 3537651, at *3 (6th Cir. July 25, 2024) (noting that "the Supreme Court has explained that the opinions held by judges as a result of what they learned in earlier proceedings do not render them personally biased") (citation and internal quotation marks omitted); *Coney v. Smith*, 738 F.2d 1199, 1199–1200 (11th Cir. 1984) (taking judicial notice of relevant state court proceedings); *cf. Tilmon-Jones v. Boladian*, 581 F.App'x 493, 496–97 (6th Cir. 2014) (noting that other courts sanctioned plaintiff and her counsel for past misconduct

Plaintiff must personally satisfy the attorney fees due.  28 U.S.C.A. § 1927; *see Basch v. Knoll,*

*Inc.*, No. 1:13-cv-76, 2015 WL 5009355, at *2 (W.D. Mich. Aug. 20, 2015) (noting that an

attorney sanctioned pursuant to § 1927 "may be required by the court to satisfy personally the

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct").[9]

## III.    CONCLUSION

For the aforementioned reasons, Defendants are entitled to the requested attorney fees.

Therefore, their motion for attorney fees is **GRANTED** (Doc. 37).  Counsel for Plaintiff is

**DIRECTED** to pay attorney fees in the amount of $21,846.60 to Defendants on or before

**January 20, 2025**.  Plaintiff's motion to strike portions of the motion for attorney fees (Doc. 40)

is **DENIED**.

**SO ORDERED.**

> **/s/ *Travis R. McDonough***
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**

---

before evaluating the district court's sanctions award).  The fact that Plaintiff's counsel has faced sanctions in the past is relevant to the present § 1927 analysis considering whether his actions in this case were pursued in bad faith and how to deter future violations. *See Tilmon-Jones*, 581 F.App'x at 498 (stating that "the goal of 28 U.S.C. § 1927 not to make a party whole, but to deter and punish").  The Court therefore **DENIES** Plaintiff's motion to strike (Doc. 40).

[9] This order deals exclusively with Defendants' request for attorney fees.  It does not relate to or decide any other issues the Court may raise.